```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:22cr107-MHT
                            )            (WO)
JOHN L. FRANKLIN, JR.       )
```

### OPINION

Defendant John L. Franklin, Jr., pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e). In calculating his Sentencing Guidelines range, the United States Probation Officer identified a base offense level of 24 under U.S. Sentencing Guideline § 2K2.1(a)(2), which applies if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Franklin did not object to the probation officer's calculations but sought a downward variance from the resulting custody range. The court granted a variance for the reasons set forth at the sentencing hearing and detailed here below.

After Franklin pleaded guilty, the probation officer correctly applied U.S.S.G. § 2K2.1(a)(2), which provided for a base offense level of 24 based on two previous felony convictions for controlled-substance offenses. It is undisputed that Franklin had at least two such prior drug convictions--related to marijuana and cocaine--that qualified as "controlled substance offense[s]." *See* Def.'s Sentencing Memorandum (Doc. 29) at 6 (acknowledging that "marijuana in the first degree is a controlled substance abuse offense" and that Franklin had sufficient controlled-substance offenses to "support a base offense level" of 24); *see also United States v. Craig*, 520 F. App'x 906, 908-09 (11th Cir. 2013) (discussing how the Sentencing Guidelines cognize certain Alabama marijuana offenses). Without a variance, a base offense level of 24 combined with Franklin's criminal-history category of V yielded a recommended custody range of 84 to 105 months.

A sentencing court has considerable discretion in determining an appropriate sentence, but the sentence

2

must be reasonable. *See United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010). In determining a defendant's sentence, courts must consider the recommended sentence under the Sentencing Guidelines and any relevant policy statements. *See* 18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220, 259-60 (2005). However, the Guidelines are only "one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Specifically, courts must also consider the factors listed in 18 U.S.C. § 3553(a). While Guidelines sentences generally should approximate the § 3553(a) factors, trial courts may, in the course of an individual sentencing, determine that "the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply" or that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations." *Rita v. United States*, 551 U.S. 338, 351 (2007).

3

Here, such circumstances apply. More specifically, § 2K2.1(a)(2) "unfairly sweeps in a wide range of dissimilar conduct." *United States v. Robinson*, 2021 WL 3373784 at *2 (M.D. Ala. Aug. 3, 2021) (Thompson, J.). And, when a Guideline "unfairly groups" unlike behavior, the court may use a variance to "calibrate" the relevant enhancement based on the conduct of a particular defendant. *United States v. Conway*, 2019 WL 7161326 at *3 (M.D. Ala. 2019) (Thompson, J.). Because § 2K2.1(a)(2) "yield[s] an identical base offense level for defendants whose underlying actions differ dramatically," *Robinson*, 2021 WL 3373784 at *2, it is "inconsistent with § 3553(a), prizing uniformity over individualized consideration of the circumstances of the offense and the defendant's history, characteristics, and behavior," *Conway*, 2019 WL 7161326 at *3.*

---

 * For example, "a defendant's base offense level might increase from 14 to 20 if his or her previous conviction entails, among other things, robbery, arson, 'forcible sex offenses,' or murder. Or ... in [someone

4

In such a circumstance, "an outside the guideline sentence may not be optional; it may well be essential to prevent both unwarranted disparity and unwarranted uniformity." *United States v. Whigham*, 754 F. Supp. 2d 239, 252 (D. Mass. 2010) (Gertner, J.); *see Pepper v. United States*, 562 U.S. 476, 510 (2011) (Breyer, J., concurring in part and concurring in the judgment) ("Fairness requires sentencing uniformity as well as efforts to recognize relevant sentencing differences.").

Here, to avoid such unwarranted uniformity--and based on the circumstances of Franklin's past controlled-substance convictions, which involved neither crimes of violence nor a significant drug operation (unlike other past convictions also swept up in § 2K2.1(a))--the court varied downward by two levels, treating him as though he had only one previous

---

else's] case, possession of less than one ounce of marijuana." *United States v. Robinson*, 2021 WL 3373784 at *2 (M.D. Ala. Aug. 3, 2021) (Thompson, J.) (citation omitted).

5

controlled-substance conviction. The base offense level thereby decreased from 24 to 22. That change, combined with the United States Probation Officer's further calculations, resulted in a Guidelines range of 57 to 71 months.

The court then varied downward by an additional 12 months to account for both Franklin's documented "adverse childhood experiences" (that is, ACEs) and the role his addictions played in his offense conduct, yielding a range of 45 to 59 months. This 12-month reduction is a modest mitigation to account for these significant and relevant contextual circumstances. The court sentenced Franklin in the middle of this final range.

DONE, this the 14th day of November, 2022.

                                         /s/ Myron H. Thompson
                                         UNITED STATES DISTRICT JUDGE